This is an appeal from two cases consolidated by consent of the parties. A statement of the case in which the District Commissioners are complainants will present the material facts upon which they both depeud.
The defendants are the owners of public hacks licensed in the District-of Columbia, and they occupy a stand on Vermont avenue, between H and I streets northwest, in the city of'Washington; and this place has been occupied as a hack-stand by defendants’ and other licensed hacks for about eight *266 or nine years last past. An ordinance of the late board of aldermen and board of common council of the city of Washington, approved February 28, 1870, enacted “that a hack-stand be, and is hereby, established on Vermont avenue, between H and I streets, for the accommodation of all hackmen who have paid license in- conformity with existing laws.” This is the same stand now occupied by defendants. Section 91 of the Revised Statutes for this District provides that all laws and ordinances of the cities of Washington and Georgetown respectively, and of the Levy Court of the District of Columbia, not inconsistent with such statute, and except as modified or repealed by Congress or the Legislative Assembly since June 1,1871, or until so modified or repealed, shall remain in full force. The above ordinance has not been repealed or modified by act of Congress. The Legislative Assembly has not done so in terms. The defendants, therefore, claim that they have a legal right to occupy said hack-stand as aforesaid, and that this court has no jurisdiction in the case, as the remedy of the complainants, if they have any, is in a court of law.
The complainants are the Commissioners-of the District of Columbia, and T. E. and T. Roessle are joined with them as co-complainants. The latter complain that they are specially injured in their business as keepers of the Arlington Hotel, situated on said avenue, from the daily assemblage of horses and hacks on said stand adjacent to said hotel.
The Legislative Assembly passed an act on the 23d of August, 1871, to regulate hackney carriages, the last section of which repeals all acts or parts of acts inconsistent therewith. This act provided that the location of hack-stands should be designated by the Board of Public Works as in their opinion the interest and convenience of the public demand. The Commissioners contend that by act of Congress approved June 25, 1874, they acquired all the power and authority vested as above in the Board .of Public Works, and that by virtue thereof they passed an order bearing date *267 March 1, 1877, that the said hack-stand be abolished, and that the exercise of this power was legal and reasonable.
A. G. Riddle, for complainants.
John E. Norris and N. H. Miller, for defendants.
The question presented upon this state of facts is, whether the District Commissioners had authority to set aside the city ordinance establishing the hack-stands, and whether this court had jurisdiction, in case that ordinance was still in force, to enjoin the defendants on the ground that they were creating an obstruction or nuisance on the avenue. The special term decreed that the injunction prayed for by the complainants be allowed; and from this decree the defendants have taken this appeal. The general term reversed the decree, and expressed the opinion that the ordinance of 1870 was still the law by virtue of the Revised Statutes, which expressly declare that the ordinances of the cities of "Washington and Georgetown should remain in full force until repealed or modified. It is true the Legislative Assembly, by the act of 1871, had given the Board of Public Works authority to designate hack-stands; but they did not, and indeed could not, delegate any power to the board to abolish hack-stands established by law, and the Commissioners are equally incompetent. The ordinance having still the force of law, the court has no jurisdiction to enjoin any act which it authorizes.